## WILLIAM W. T. GREENWAY & another *vs.* GEORGE L. WILMARTH & another, & Trustee.

C. took from W. a deed of the real estate that descended to W. from his father, and gave to W. a conditional note, payable on demand, by the terms of which it was not to be paid, if it should turn out that, for any cause, W. had no title to the estate; or if his title to any part thereof should fail, the note should not be paid, or be paid only in proportion to the estate that should be held by C.: On a suit, in which C. was summoned as trustee of W., his answer stated that it was not certain that W. had any interest in the estate which he could convey; that W.'s interest in the estate had been attached on several writs, before the deed to C. was executed; that W.'s mother was entitled to dower in the estate; and that it would be necessary to sell some, if not the whole, of the estate, for payment of the debts of W.'s father; so that it remained doubtful whether any estate would come to C., by virtue of the deed: C.'s answer further stated that, after service of the trustee process upon him, he gave a quitclaim deed of said estate to T., who was interested in the estate of W.'s father, without any consideration, except the cancelling of his aforesaid note; and that he did this under the belief that the deed from W. to him was worth nothing, and that he was not liable to W. on the note. *Held*, that C. could not be charged as trustee of W.; the note not being due absolutely, but depending on a contingency; and that his liability **was not varied, in any degree by his quitclaim deed to T.**

Greenway & another *v.* Wilmarth & another, & Trustee.

THE general answer of William B. Crandell, who was summoned as trustee of the principal defendants, was filed at the December term of the court of common pleas, in 1842, and he therein denied that he had in his hands any goods, effects or credits of said defendants, or of either of them, unless he should be holden as a trustee of Charles B. Wilmarth, one of said defendants, upon the following facts : " On the 16th of November 1842, he received of Charles B. Wilmarth a deed of certain real estate, and gave said Charles a promissory note, payable on demand, for the consideration named in the deed ; but said note was a conditional note, and, *by the terms of it*, was not to be paid, if it should appear or turn out that, for any cause, said Wilmarth had no title to said estate, or if his title should fail as to any part thereof : And it was the understanding between the parties, that said Crandell should not be held to pay said note, unless it turned out that said estate should pass to said Crandell, and if, for any cause, said estate should not pass, or said Wilmarth's claim should be defeated, so that said Crandell should not take said estate by his deed said note was not to be paid, or only in proportion to the estate held.    It remains doubtful whether the estate so conveyed will pass to him under said deed, or, if any, how much of it may pass to him under said deed.    It is not probable that said Charles B. has so much interest in said estate as it was supposed he might have, when the bargain to convey was made, and it is not certain that he had any interest, which he could convey, at the time of making the deed."

In answer to sundry interrogatories put to said Crandell, at subsequent terms of the court of common pleas, he stated that the amount of said note, given by him to said Charles B., was $4000 : That the said Charles B. undertook to convey to said Crandell the share that came to him (said Charles B.) in the real estate of his father, Dan Wilmarth ; but that said Crandell had understood since, that there were attachments on said share, and that it was likely that some portion of the real estate left by his father must be sold for the payment of the debts due from the estate ; that the widow was also entitled

to dower, which has not been set off to her in said estate ; and that said Crandell never had possession of any part of said real estate, and was not accountable for the rents and profits thereof, and was under no obligation, verbal or written, to account for the proceeds thereof.

At the last September term of the court of common pleas, said Crandell was asked (by a written interrogatory) whether he had not given to E. D. Tisdale, on the 21st of July 1846, a quitclaim deed of the estate described in the deed, made by Charles B. Wilmarth to said Crandell on the 16th of November 1842. To this interrogatory, the said Crandell made the following answer : "I gave such a deed, but I received no real consideration for the same. I did not suppose, for the reasons before stated, that I should ever realize any thing, by reason of said Wilmarth's deed to me. Said Tisdale was, through his wife, interested in the estate of said Dan Wilmarth, and my holding said conveyance seemed to embarrass the settlement of the estate. Whereupon, upon request, I made said quitclaim deed to Tisdale ; but he paid me nothing for it. The consideration named in the deed ($4000) was in fact nominal. I offered, as between me and Tisdale, to give such a deed, if the instrument, which I gave said Wilmarth, might be cancelled; which was done. I have no claim against Tisdale for any thing, by reason of said conveyance. I considered that Wilmarth's conveyance to me was worth nothing to me, and that I was not liable to him on account of the writing I gave him."

*Eliot,* for the plaintiffs.

*Pratt,* for the trustee.

DEWEY, J. The Rev. Sts. *c.* 109, § 30, enact that "no person shall be adjudged a trustee, by reason of any money or other thing due from him to the principal defendant, unless it is, at the time of the service of the writ on him, due absolutely and without depending upon any contingency." The answer of the supposed trustee, in the present case, discloses a conditional contract, and a promise to pay money only on a contingency. It proceeds further to state certain facts rendering

it uncertain and improbable that any debt will ever exist in favor of the principal defendant. It alleges various incumbrances upon the land conveyed, and for which the conditional note was given, by reason of attachments, liability to be sold for payment of the debts of the grantor's father, and a right of dower in the widow, and avers directly, that from the best information he can obtain, he considers it altogether uncertain whether any estate will come to him by virtue of said Wilmarth deed. And we do not perceive that the conveyance, subsequently made by the supposed trustee to Tisdale, varies, in any degree, his liability.

The liability of the trustee being wholly contingent, and there being no debt due from him absolutely, he must be discharged.